IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GAVIN WAITE TAYLOR,<br><br>    *Defendant.* | CRIMINAL ACTION NO.<br>**3:26-cr-00007-TES-CHW-1** |

**ORDER GRANTING FIRST MOTION TO CONTINUE TRIAL
IN THE INTEREST OF JUSTICE**

On May 1, 2026, the Court issued a Notice of Pretrial Conference setting a pretrial conference in the above-captioned case for May 18, 2026. [Doc. 18, p. 1]. Trial is currently set to begin on June 22, 2026. Although "[a]ny party requesting a continuance must do so in writing within three . . . days of receipt of th[at] notice," Defendant Gavin Waite Taylor filed a Consent Motion for Continuance on May 14, 2026. [*Id.* (emphasis omitted)]; [Doc. 19]. For the reasons stated below, the Court finds that this case should be continued pursuant to 18 U.S.C. § 3161(h), and it **GRANTS** the consent motion such that the pretrial conference and trial dates are continued to June 3, 2026, and July 27, 2026, respectively.

Based on defense counsel's representations to the Court that more time is needed to review the discovery that was provided by the government to Defendant Taylor on May 12, 2026, the Court finds that the ends of justice served by granting a continuance

outweigh the public's best interests and those of Defendant Taylor in a speedy trial. 18

U.S.C. § 3161(h)(7)(A); [Doc. 19, ¶ 3].

On April 15, 2026, the Grand Jury returned an 11-count indictment against

Defendant Taylor. [Doc. 1]. Defendant Taylor is on bond pending trial. [Doc. 12]; [Doc.

13]. Specifically, Defendant Taylor is charged with four counts of Distribution of Child

Pornography all in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1); four counts of

Receipt of Child Pornography all in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1);

and three counts of Possession of Child Pornography all in violation of 18 U.S.C. §

2252A(a)(5)(B) and (b)(2). [Doc. 1, pp. 1–6].

While the grant of a continuance is left to the sound discretion of the trial judge,

*United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the

requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant
> charged in an information or indictment with the commission of an offense
> shall commence within seventy days from the filing date (and making
> public) of the information or indictment, or from the date the defendant has
> appeared before a judicial officer of the court in which such charge is
> pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any

continuance based on "findings that the ends of justice served by taking such action

outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at §

3161(h)(7)(A). In granting such a continuance, the Court may consider, among other

factors, whether the failure to grant the continuance "would deny counsel for the

2

defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

Since, for the reason stated above, failure to grant a continuance would likely result in a miscarriage of justice, *id.* at § 3161(h)(7)(B)(i), it is **ORDERED** that Defendant Taylor's consent motion for continuance is **GRANTED,** and trial of this case is **CONTINUED** to *June 27, 2026*, in Athens, Georgia. The pretrial conference date for trials beginning on that date is June 3, 2026. The delay occasioned by this continuance shall be deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).

**SO ORDERED**, this 15th day of May, 2026.

*S/ Tilman E. Self, III*

**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**