**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**GAVIN WAITE TAYLOR,**<br><br>***Defendant.*** | **CRIMINAL ACTION NO.**<br>**3:26-cr-00007-TES-CHW-1** |

**ORDER GRANTING THIRD MOTION TO CONTINUE TRIAL IN THE INTEREST OF JUSTICE**

On April 15, 2026, the Grand Jury returned an 11-count indictment against Defendant Gavin Waite Taylor. [Doc. 1]. Defendant Taylor is on bond pending trial. [Doc. 12]; [Doc. 13]. Specifically, Defendant Taylor is charged with four counts of Distribution of Child Pornography all in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1); four counts of Receipt of Child Pornography all in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1); and three counts of Possession of Child Pornography all in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). [Doc. 1, pp. 1–6].

On June 2, 2026, the Court reset a pretrial conference in the above-captioned case for September 2, 2026. *See* Notice of Resetting Hearing, *United States v. Taylor*, No. 3:26-cr-00007-TES-CHW-1 (M.D. Ga. June 2, 2026). Trial is currently set to begin on October 26, 2026. [Doc. 22, p. 3]. On September 1, 2026, Defendant Taylor filed a third consent motion for continuance. [Doc. 23]. For the reasons stated below, the Court finds that

trial for the above-captioned case should be continued pursuant to 18 U.S.C. § 3161(h), **GRANTS** the consent motion, and **CONTINUES** the pretrial conference and trial dates to November 5, 2026, and December 14, 2026, respectively.

Based on defense counsel's representations to the Court that more time is needed to review "discovery that cannot be shared digitally," the Court finds that the ends of justice served by granting a continuance outweigh the public's best interests and those of Defendant Taylor in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); [Doc. 23, ¶ 2]. Defendant Taylor also states that "further discussions" between his counsel and "the government about resolution of the case are necessary to provide effective representation to [him]." [Doc. 23, ¶ 2].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other

factors, whether the failure to grant the continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

Since, for the reasons stated above, failure to grant a continuance would likely result in a miscarriage of justice, *id.* at § 3161(h)(7)(B)(i), it is **ORDERED** that Defendant Taylor's third consent motion for continuance is **GRANTED,** and trial of this case is **CONTINUED** to ***December 14, 2026***, in Athens, Georgia. The pretrial conference is set for November 5, 2026. *See* Notice of Setting Hearing, *United States v. Taylor*, No. 3:26-cr-00007-TES-CHW-1 (M.D. Ga. Sept. 2, 2026). The delay occasioned by this continuance shall be deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).

**SO ORDERED**, this 2nd day of September, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**